﻿Citation Nr: AXXXXXXXX
Decision Date: 01/18/19 Archive Date: 01/18/19

DOCKET NO. 181017-593
DATE: January 18, 2019

ORDER

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) for the period prior to October 16, 2018 is denied.

FINDING OF FACT

For the pendency of the appeal, prior to October 16, 2018, the Veteran was not precluded due to the impact of his service-connected disabilities from securing and following substantially gainful employment.

CONCLUSION OF LAW

The criteria for entitlement to TDIU for the period prior to October 16, 2018 have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.340, 3.34, 4.16(a), 4.16(b); Bowling v. Principi, 15 Vet. App. 1, 10 (2001).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from January 1978 to April 1990. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the October 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested the option of direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

The Veteran submitted evidence during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. The Veteran may submit this evidence, along with a Supplemental Claim. If the new evidence is relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Specific instructions for filing a Supplemental Claim are included with this decision.

TDIU 

VA will grant TDIU when the evidence shows that a veteran is precluded by reason of a service-connected disability or disabilities from obtaining and following substantially gainful employment consistent with his education and occupational experience. See 38 C.F.R. §§ 3.340, 3.341, 4.16. The relevant issue is not whether the veteran is unemployed or has difficulty obtaining employment, but whether the veteran is capable of performing the physical and mental acts required by employment. Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). Advancing age, any impairment caused by conditions that are not service-connected, and prior unemployability status must be disregarded when determining whether a veteran is currently unemployable. 38 C.F.R. §§ 4.16(a), 4.19. 

TDIU may be assigned when the schedular rating is less than total, where, if there is only one disability, the disability is rated at 60 percent or more, or where, if there are two or more disabilities, at least one disability is rated 40 percent or more and there is sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). Disabilities of one or both upper extremities, or one or both lower extremities, including the bilateral factor, disabilities resulting from a common etiology or a single accident, and disabilities affecting a single body system such as orthopedic disabilities, will be considered as one disability for TDIU purposes. Where the percentage requirements for TDIU are not met, a total disability rating may nevertheless be assigned on an extraschedular basis when the veteran is unable to secure or follow a substantially gainful occupation as a result of his or her service-connected disability or disabilities. 38 C.F.R. § 4.16(b). The Board is precluded from assigning a TDIU rating on an extraschedular basis in the first instance. Instead, the Board must refer any claim that meets the criteria for referral for consideration of entitlement to TDIU on an extraschedular basis to the Director of Compensation and Pension Service. See Bowling v. Principi, 15 Vet. App. 1, 10 (2001).

Entitlement to TDIU for the period prior to October 16, 2018 is denied 

The Veteran filed his claim seeking entitlement to TDIU on August 14, 2014. For the period from that date to August 1, 2015, the Veteran was in receipt of a 40 percent rating for L5 spondylolysis and spondylolisthesis, a 40 percent rating for right knee limitation of extension, a 30 percent rating for left knee limitation of extension, a 10 percent rating for tinnitus, and a noncompensable rating for left knee and right elbow scars, for a total combined rating of 80 percent. Effective August 1, 2015, the rating for L5 spondylolysis and spondylolisthesis was reduced to 10 percent, while the rating for right knee limitation of extension was reduced to a noncompensable rating, and the rating for left knee limitation of extension was reduced to a 10 percent rating; this reduced the total combined rating from 80 percent to 30 percent, effective August 1, 2015. Thereafter, effective October 1, 2015, the Veteran was granted service connection for an acquired psychiatric disorder, and assigned a disability rating of 70 percent, which increased the total combined rating from 30 percent back up to 80 percent. Effective March 9, 2016, the Veteran was awarded a temporary 100 percent rating for convalescence following his left knee total arthroplasty. Before that 100 percent total rating ended, he was then awarded a temporary 100 percent rating for convalescence following his right knee total arthroplasty. That temporary 100 percent rating was discontinued on May 1, 2018. From that date, he was in receipt of separate 30 percent ratings for residuals of left and right knee arthroplasty. He was also in receipt of a 20 percent rating for L5 spondylolysis and spondylolisthesis, so the total combined rating of his disabilities from May 1, 2018 was 90 percent. Most recently, effective October 16, 2018, the rating for L5 spondylolysis and spondylolisthesis was increased to 40 percent, and the Veteran was also awarded separate 20 percent ratings for right and left lower extremity radiculopathy. This increased the total combined rating for the Veteran’s service-connected disabilities to 100 percent. (As no single service-connected disability is rated as 100 percent disabling as of October 16, 2018, notwithstanding the combined 100 percent rating, the TDIU claim is moot from that date onwards.)

In summation, for the periods from August 1, 2014 to August 1, 2015, from October 1, 2015 to March 9, 2016, and from May 1, 2018 to October 16, 2018, the Veteran met the schedular requirements for the grant of TDIU. However, although the ratings during this period did meet the criteria for schedular consideration for TDIU during this time, the Veteran would still only be entitled to TDIU during this period if the evidence demonstrates that he was unable to secure or follow substantially gainful employment as a result of his service-connected disabilities. 

As for the period from August 1, 2015 to October 1, 2015, the reduction that went into effect lowered the total combined rating to 30 percent, and thus for these two months the Veteran did not meet the criteria for schedular consideration for TDIU. However, the Veteran may still be entitled to referral for consideration of an extraschedular grant of TDIU during this period if the evidence shows that he was unable to secure or follow a substantially gainful occupation as a result of his or her service-connected disability or disabilities during this period. 38 C.F.R. § 4.16(b). 

For the period from March 9, 2016 to May 1, 2018, while the Veteran was in receipt of a 100 percent temporary total disability evaluation, special monthly compensation may be warranted if VA finds that TDIU is warranted based solely on the disabilities other than the disability that is rated at 100 percent. See Bradley v. Peake, 22 Vet. App. 280 (2008) (analyzing 38 U.S.C. § 1114(s)). As indicated below, however, the Board finds no basis for a grant of TDIU, regardless of the individual service-connected disabilities considered. 

In a December 2015 correspondence prepared by the Veteran on behalf of the business that he owns along with his wife, he indicated that he last worked with the business in December 2014. VA medical records from this time further corroborate his account and show that the Veteran relinquished full management duties to his wife and ceased doing any work for the business by 2015. However, more recent VA medical records beginning in 2017 reflect that the Veteran reported that he was continuing to work in some capacity as an employee of the business. See e.g., December 2017 Biannual Examination Note (reports that he “works now in his own business”); January 2018 Primary Care Note (reports that he “set up at work”); July 2018 Mental Health Note (reports that he and his daughter “opened the pizza shop”). This evidence conflicts with the Veteran’s earlier reporting that he ceased working in 2014 and calls into question the veracity of his statement regarding his lack of employability. 

The Board also refers to the VA examinations of record, none of which support a conclusion that the Veteran was wholly precluded from securing and following substantially gainful employment at any point during the pendency of the appeal. In the February 2015 spine examination report, the examiner found that the Veteran “would have difficulty performing manual labor and walking or standing for extended periods of time”; however, they did not find that the Veteran could not perform sedentary labor as due to the back condition. Similarly, in the February 2017 spine examination report, the examiner opined that the functional impact of the low back condition was only moderate in nature. As for the bilateral knee conditions, in the February 2015 knee examination report, the examiner also found that the Veteran “would have difficulty performing manual labor and walking or standing for extended periods of time” as due to the bilateral knee conditions. Thereafter, in the February 2017 knee examination report, the examiner acknowledged that the Veteran would be unable to seek and maintain substantially gainful employment of a physical nature; however, they conversely found that the knee conditions would not preclude sedentary employment at all. 

Regarding the Veteran’s service-connected major depression with panic disorder, during the October 2016 mental health examination, the examiner did not find that the Veteran exhibited any symptoms that specifically had an impact on his occupational functioning, although they did note symptoms such as disturbances of motivation and mood and chronic sleep impairment that could have an indirect impact on his occupational functioning. After concluding the examination, the examiner stated that the psychiatric disorder would result in an occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily. 

A review of the available VA medical records does not reflect symptomatology that in total would have precluded the Veteran from securing and following substantially gainful employment prior to October 16, 2018. As discussed above, although the Veteran continued to receive treatment for his service-connected disabilities for the entire period of the appeal, he also apparently continued to work at his pizza shop business, except for that period of time that he was recovering from his separate knee surgeries. The VA examiners who have evaluated his various disabilities have each found that the separate service-connected disabilities did not preclude the Veteran from pursuing sedentary employment, and VA medical records do indeed reflect that the Veteran has been able to work at his pizza shop business in a largely sedentary role. All of this evidence is inconsistent with the finding of an inability to secure and follow a substantially occupation on account of service-connected disabilities. 

The Board does acknowledge that the Veteran was afforded a new VA examination in late October 2018 to again evaluate the severity of the low back condition. However, as stated previously, this examination constitutes new evidence added to the claims file after the time period for consideration; accordingly, the Board may not consider the examination in making its determination as to the appropriate rating for the low back condition. Moreover, the Veteran also submitted a vocational assessment prepared by a P.C. that was dated in July 2017; however, it was not submitted to VA until after the time period for consideration, and so it cannot be considered by the Board in this determination. Therefore, upon review of the evidence properly before it, the Board finds that the Veteran was not precluded by virtue of his service-connected disabilities from securing and following substantially gainful employment. 

Accordingly, the preponderance of the evidence is against the claim, and it must be denied. 38 C.F.R. § 4.16.

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Christopher M. Collins, Associate Counsel